[No. 2242.]

THE MUTUAL BENEFIT ASSOCIATION v. NANCARROW.

1.  **Accident Insurance—Total Disability—Confinement to House.**

    An accident insurance policy promised to pay the insured a certain sum per week if he should be totally disabled and confined to the house. Held, that the total disability contemplated in the policy did not mean absolute helplessness, but that the insured was totally disabled within its meaning if he were entirely incapacitated for work or business, and the fact that he was able to go to his physician's office for treatment did not contradict the fact of his total disability. And he was confined to the house within the meaning of the policy when he was compelled to entirely withdraw from work or business, notwithstanding he was able and did occasionally leave his house and go to his physician's office.

2.  **Accident Insurance—Visits of Physician—Pleading.**

    Where an accident insurance policy promised to pay the insured a certain sum per week from the first to the last visit of the attending physician, a complaint which alleged that insured became sick on a certain day and was under the care of

a physician until a certain other day named was sufficient to admit proof of the dates of the physician's visits although plaintiff might have been required on motion to make his complaint more definite, and the fact that some of the visits took place at the physician's office instead of the plaintiff's home was immaterial.

3. Accident Insurance—Notice—Pleading.

Where a complaint on a policy of accident insurance on its face showed that a liability existed against defendant in favor of plaintiff and the complaint contained no averment of a condition of the policy prescribing the notice to be given to the defendant of the sickness of the insured or of a compliance with such condition, if the defendant desires to rely upon a breach of such condition to escape liability it must plead the condition.

*Appeal from the District Court of Arapahoe County.*

Mr. Frank S. Tesch, for appellant.

Thomson, J.

The appellee brought this action against the appellant to recover upon a policy of insurance which it had issued to him. The complaint alleged that on the 24th day of January, 1898, the defendant, in consideration of certain payments to be made to it by the plaintiff, delivered to him its policy of insurance, whereby it insured him against accident, accidental death, and certain kinds of sickness, among which was acute pericarditis, and promised to pay the plaintiff $8 per week from the first to the last visit of the attending physician, if the plaintiff should be totally disabled, and confined to the house; that the plaintiff made the payments required by the policy; that on the 24th day of January, 1899, the plaintiff became sick from acute pericarditis; became totally unable to attend to any business, and was under the care of a physician until April 18, 1899, a period of twelve weeks; that he was, during that time totally disabled, and was confined to the house, except that, on account of poverty, he visited his physician about

twelve times, there being a car line between his house and the physician's office; that he did all things necessary under the policy to entitle him to its benefits, and that the defendant wrongfully refused to pay the amount due him by the terms of the policy, being $96.

The defendant demurred to the complaint for want of facts to constitute a cause of action; and, its demurrer being overruled, answered, admitting the execution and delivery of the policy and the making of the payments which it specified, but denying the other allegations of the complaint. It also alleged affirmatively that the plaintiff violated the conditions of the policy twelve different times during his sickness, by leaving his house and coming into Denver on the street cars.

When the plaintiff rested his case, the defendant moved the court for a nonsuit on the ground that the evidence showed that the plaintiff was not confined to the house. The motion was denied, and, the defendant offering no evidence, judgment was rendered against it for the amount claimed. It brings the case here by appeal.

In support of the demurrer it is argued that the complaint shows that the plaintiff was not totally disabled, and was not confined to the house, because it states that at different times he left the house and called upon his physician. The words "totally disabled," as well as the words "confined to the house," must receive a reasonable interpretation. The purpose of the policy was to indemnify the plaintiff against loss occasioned by inability to attend to his work or business on account of sickness. The total disability contemplated by the instrument, does not mean a state of absolute helplessness. The plaintiff might have been able to walk, he might have been able to ride on the cars to his physician's office, and

still have been entirely incapacitated for work or business. In view of the object of the contract, we think that if he was so incapacitated, he was totally disabled within the meaning of the policy.—See *Thayer v. Ins. Co.,* 68 N. H. 577.

Nor, applying the same rule, do we think that the words "confined to the house" were intended to mean a constant restraint within doors. One may be sick, and still be able to move about, and, on occasion, temporarily to pass to the outside. A complete and enforced withdrawal from business or work, was undoubtedly necessary under the policy; but exceptional and temporary absences from the house, are not inconsistent with the idea of a general confinement within it. The complaint says that the plaintiff was confined to the house, except at intervals, when he rode on the cars from his house to his physician's office; and we think a sufficient confinement is alleged to answer the requirements of the policy.

It is also objected that, by the terms of the policy as stated in the complaint, the plaintiff was entitled to its benefits only during the time which elapsed between the first visit of the physician and the last, and the complaint does not give the date of either visit. But the complaint alleges that the plaintiff was under the care of a physician from the 24th day of January, to the 18th day of April, a period of twelve weeks. He could not have been under the care of a physician unless the physician saw him. While the plaintiff might have been required to make the allegation more explicit, it was sufficient, as it stood, to let in proof of the dates of the visits. And that a portion at least of the visits took place in the physician's office instead of the plaintiff's house, is immaterial. The plaintiff's want of money sufficiently accounts for the fact that they occurred there.

It is also urged that the complaint fails to state

that the plaintiff complied with a condition attached to the policy prescribing the notice of the sickness to be given to the defendant. But the complaint did not set forth that condition; and it not appearing from the complaint that there was any such condition, it was unnecessary to allege compliance with it. On the face of the complaint, a liability existed in favor of the plaintiff and against the defendant; and if the defendant, to avoid the liability, proposed to rely on a breach of the condition, it was incumbent on it to plead the condition in its answer, together with the facts constituting the breach.—*Ins. Co. v. Allis Co.,* 11 Colo. App. 264. We think the demurrer was properly overruled.

The evidence supported in a general way the allegations of the complaint. It showed visits by the doctor at the house of the plaintiff, and consultations with the doctor at the latter's office. The dates testified to, and the other facts in evidence, corresponded with the statements in the plaintiff's pleading. The sole ground of the motion for a nonsuit was that the evidence showed that the plaintiff was not confined to the house. It showed just what the complaint alleged, that he remained within the house except when he went to the doctor's office. The argument upon this condition of fact has been already disposed of. The judgment will be affirmed.    *Affirmed.*