AMERICAN ASSURANCE CO. v. JESSE H. DICKSON.

**1. Proof of Disability Accepted and Offer to Pay Part of Sick Benefits, Rejection of Claim of Insured.**

Acceptance of proof of disability on the part of a policy holder and treatment of such proof as final, with an offer to pay a certain amount thereon but less than the amount claimed, constitutes a rejection of the claim by the company, and suit instituted thereon after such rejection is not prematurely brought.

**2. Insured's Going Out for Air and to Physician's Office for Treatment. do not Defeat Insured's Claim of Total Disability by Sickness.**

In a policy providing for sick benefits, a clause reading that to constitute total disability the insured must be "strictly, necessarily and continuously within the house and there regularly and personally attended by a legally qualified physician," does not bar recovery by an insured who, under the advice of his physician, went out for air and to his physician's office for treatment.

ERROR to common pleas court.

*Reeve, Burch Peters & Oppenheimer,* for plaintiff in error:

Cited and commented upon by the following authorities: *Germania Ins. Co.* v. *Schild,* 69 Ohio St. 136 [68 N. E. Rep. 706; 100 Am. St. Rep. 663]; *Travelers' Ins. Co.* v. *Myers,* 62 Ohio St. 529 [57 N. E. Rep. 458; 49 L. R. A. 760]; *West* v. *Insurance Co.* 27 Ohio St. 1 [22 Am. Rep. 294]; *Connecticut Fire Ins. Co.* v. *Clark,* 24 O. C. C. 33 (2 N. S. 585); *North American Ins. Co.* v. *Sickles,* 13-23 O. C. C. 594 (2 N. S. 222); *Walrath* v. *Insurance Co.* 9 Circ. Dec. 233 (16 R. 413); *Graham* v. *Insurance Co.* 12 Dec. Re. 157 (2 Dis. 255); *Union Life Ins. Co.* v. *Jameson,* 31 Ind. App. 28 [67 N. E. Rep. 199]; *Behling* v. *Insurance Co.* 117 Wis. 24 [93 N. W. Rep. 800]; *German Ins. Co.* v. *Hayden,* 21 Colo. 127 [40 Pac. Rep. 453; 52 Am. St. Rep. 206]; *Seitzinger* v. *Modern Woodmen of Am.* 204 Ill. 58 [68 N. E. Rep. 478]; *Aetna Ins. Co.* v. *Johnson,* 74 Ky. (11 Bush.) 587 [21 Am. Rep.

223]; *Guarantee Co. of N. Am.* v. *Bank & Tr. Co.* 183 U. S. 402 [22 Sup. Ct. Rep. 124; 46 L. Ed. 253]; *Cooper* v. *Benefit Assn.* 141 Mich. 487 [104 N. W. Rep. 734]; *Bishop* v. *Casualty Co.* 99 App. Div. 530 [91 N. Y. Supp. 176]; *Schneps* v. *Casualty Co.* 101 N. Y. Supp. 106; *Rief* v. *Casualty Co.* 131 Wis. 368 [111 N. W. Rep. 502]; *Dunning* v. *Accident Assn.* 99 Me. 390 [59 Atl. Rep. 535]; *Gainor* v. *Life Assn.* 21 Misc. Rep. 27 [46 N. Y. Supp. 965]; *Liston* v. *Casualty Co.* 28 Misc. 240 [58 N. Y. Supp. 1090]; *Appel* v. *Insurance Co.* 76 Ohio St. 52 [80 N. E. Rep. 955; 10 L. R. A. (N. S.) 674; Ann. Cas. 821]; *Gillon* v. *Assurance Co.* 127 Cal. 480 [59 Pac. Rep. 901]; *Binder* v. *Accident Assn.* 127 Ia. 25 [102 N. W. Rep. 190]; *Bryant* v. *Insurance Co.* 23 Mass. (6 Pick.) 131; *Gallenbeck* v. *Relief Assn.* 84 Minn. 184 [87 N. W. Rep. 614]; *Davis* v. *Accident Ins. Co.* 73 N. H. 425 [62 Atl. Rep. 728]; *Kelly* v. *Supreme Court,* 46 App. Div. 79 [61 N. Y. Supp. 394]; *German-American Ins. Co.* v. *Hocking,* 115 Pa. St. 398 [8 Atl. Rep. 586]; *Fire Assn.* v. *Colgin,* 33 S. W. Rep. 1004 (Tex. Civ. App.); *Gauche* v. *Insurance Co.* 10 Fed. Rep. 347; *Cascade F. & M. Ins. Co.* v. *Publishing Co.* 1 Wash. 452 [25 Pac. Rep. 331]; May, Insurance Sec. 469.

*Millard Tyree,* for defendant in error.

The plaintiff sued for $126 sick benefits, and was given judgment.

## SMITH, P. J.

Notwithstanding condition No. 11 of the policy of insurance sued upon in this case providing that ''Legal proceedings upon this policy shall not be brought until after three months from the date of filing final proofs at the home office of the company, nor brought at all unless commenced within twelve months from the time when the right of action shall arise'' the court is of the opinion that this action was not prematurely instituted.

The evidence discloses that the company accepted proof of loss from defendant in error, treated the same as final and offered to pay a certain amount thereon, but not the full amount claimed. This amounted to a rejection of the claim, and having thus determined, defendant in error was not called upon to delay his action further.

Assurance Co. v. Dickson.

The construction placed by the trial court, in its charge to the jury, upon the clause in the policy relating to sickness indemnity (house confinement) we think was correct.

This clause provides as to total disability, that the insured shall be "strictly, necessarily and continuously confined within the house and there regularly and personally attended by a legally qualified physician, not to exceed a period of twenty-six consecutive weeks."

The fact that the insured under the advice of his physician went out for air, and to his physician's office for treatment, could not, we think, defeat his right of recovery within the meaning of this provision.

Any other construction would be unreasonable. The conduct of the insured in this respect in obeying his physician was essential to his recovery, and acting in good faith he is entitled to his indemnity.

*Hoffman* v. *Hospital Assn.* 128 Mich. 323, 329 [87 N. W. Rep. 265; 54 L. R. A. 740]; *Scales* v. *Protection Assn.* 70 N. H. 490 [48 Atl. Rep. 1084]; *Mutual Benefit Assn.* v. *Nancarrow,* 18 Colo. App. 274 [71 Pac. Rep. 423].

There being no error in the record the judgment is affirmed.

**Swing** and **Jones, JJ.,** concur.