(86 South. 550)

No. 24129.

## HEYMANN v. CONTINENTAL CAS-UALTY CO.

## In re HEYMANN.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

Insurance ⬤➡530 — Insured not entitled to sickness indemnity for disability period from first consultation to confinement in sanitarium; "convalescence."

Under a health rider attached to his life and accident policy, providing for sickness indemnity for loss of time during convalescence, insured *held* not entitled to indemnity for the period of ailment from the time he first consulted a physician to the time when he was sent to a sanitarium, during which, though he was not confined to the house, he was unable to transact his business, the context of the policy showing there was no liability to indemnify for loss of time during "convalescence," meaning the gradual recovery of health or physical strength after illness, unless and until there was a loss of time during confinement.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Henry L. Heymann against the Continental Casualty Company. From a judgment for plaintiff, defendant appealed to the Court of Appeal, which reversed, and plaintiff applies for certiorari or writ of review to the Court of Appeal. Judgment of the Court of Appeal affirmed.

Joseph A. Casey, of New Orleans, for plaintiff.

Lemle & Lemle and Arthur A. Moreno, all of New Orleans, for defendant.

O'NIELL, J. The question presented in this case depends upon an interpretation of the expression, "loss of time during convalescence," as defined in a health rider attached to a life and accident policy of insurance. The policy contract, regarding health insurance, was as follows, viz.:

Part 1. Ordinary Sickness Indemnity.

In the event that the insured shall suffer from any bodily sickness or disease which is contracted and begins while this rider is in force as hereinafter provided, and while he is between the ages of eighteen and sixty years, the company will pay for loss of time, not exceeding fifty-two consecutive weeks in duration, which actually and necessarily results from a sickness or disease, as follows:

(a) For loss of time during confinement—said weekly indemnity.

(b) For loss of time during convalescence—one-half said weekly indemnity.

"Loss of time during confinement," as herein used, means that period of time during which the insured is rendered continuously unable to transact each and every part of his business duties, and is also necessarily and continuously confined within the house, and is therein regularly treated by a legally qualified physician. "Loss of time during convalescence," as herein used, means that period of time during which the insured is rendered continuously unable to transact each and every part of his business duties and is under treatment by a legally qualified physician, although not necessarily confined within the house.

The facts of the case are not disputed. On the 6th of December, 1916, plaintiff consulted a legally qualified physician with regard to some stomach trouble, and thereafter visited the physician's office twice a week, and was treated by the physician, until the 9th of April, 1917, at which date his ailment had grown so much worse that he went to an infirmary. He was confined in the infirmary for a period of about 6 days, and thereafter at his home until the 9th of June. From that date until the 2d of October, 1917, although not confined within the house, he was in a state of convalescence, as defined in the policy contract. The defendant company paid the indemnity stipulated for the loss of time during which plaintiff was confined either at the sanitarium or at his home, that is, from the 9th of April to the 9th of June, 1917; and also paid for the loss of time during convalescence, that is, from the 9th of June to the 2d of October, 1917. Plaintiff claims indemnity for loss of time

also from the 6th of December, 1916, to the 9th of April, 1917, because he was, during that period, continuously unable to transact each and every part of his business duties and was under treatment by a legally qualified physician, although not confined within the house. The district court so held, and the Court of Appeal reversed the decision. The case is before us on a writ of review, issued at the instance of plaintiff.

The fact that plaintiff's health was not improving, but growing worse, during the first stage of his ailment—that is, from the date that he first consulted a physician to the date that he went to the sanitarium—is not so important as is the fact that that period of ailment did not follow, but preceded, the period of confinement for which plaintiff was entitled to indemnity. "Convalescence," as generally understood and as defined by the lexicographers, is the gradual recovery of health or physical strength after illness. Of course, if the word "convalescence" were otherwise clearly defined in the contract, the parties would be bound by the definition adopted by them. But the contract does not contain a definition of the word "convalescence" alone. What is defined is the expression "loss of time during convalescence." A definition, whether given in a contract or in a statute, is of itself and apart from the context, an unsafe guide; because it is not an easy matter to give such an exact description of a subject to be defined as to include all members that do, and exclude all that do not, belong within the class defined. In the contract in question, there is omitted from the definition of the term "loss of time during convalescence" the stipulation that the period defined should immediately follow the time of confinement. Taken literally, therefore, the definition given of "loss of time during convalescence" would include loss of time during which the insured was continuously unable to transact each and every part of his business duties and was under treatment by a legally qualified physician, even if he had never been so seriously ill as to suffer "loss of time during confinement." The context, however, shows plainly that it was never intended that the term "time during convalescence" should include any other than the period immediately following "time during confinement." For example, the first paragraph of the contract stipulates that the only loss of time for which the insured should be entitled to indemnity is that—

"which actually and necessarily results from a sickness or disease, as follows: (a) for loss of time during confinement; * * * (b) for loss of time during convalescence. * * *"

Then immediately follows, first, the definition of "loss of time during confinement," and, second, the definition of "loss of time during convalescence." The context shows plainly, therefore, that there was no liability for indemnity for "loss of time during convalescence," unless and until there was a "loss of time during confinement."

The judgment of the Court of Appeal is affirmed.