JONAS RAUCH

**8881**

NO. 8881

VS

COURT OF APPEAL

AMERICAN NATIONAL INSURANCE CO.

PARISH OF ORLEANS

- - - - - -

- - -

WILLIAM A. BELL, JUDGE.

- - -

- - -

 MAY 14, 1923.

*Judge Dinkelspiel dissents*

Court of Appeal
Parish of Orleans
May 14/23

**8881**

By WILLIAM A. BELL, Judge.

This is a suit for indemnity for loss of time under an accident insurance policy. Plaintiff alleges that on or about July 13, 1921, while covered by policy of the defendant company and while employed as a night watchman at Newcomb College, he stumbled and fell and was struck in the testicles by a plank; that though the injury was painful at the time, he continued with his work; that thereafter the glands became swollen and a rupture developed, compelling him to cease work during the early part of the month of April, 1922; that he was operated on at Touro Infirmary for said trouble in the month of May, 1922, and was totally disabled for work during the months of April, May and June, 1922. Upon these allegations he seeks indemnity from defendant in the sum of $40.00 per month for three months, or a total amount of $120.00.

Defendant pleads exception of no cause of action, and further answering, admits plaintiff's insurance under the policy sued upon, but denies liability. No evidence appears to have been taken on the trial in the lower court nor has any reason been given for judgment in favor of plaintiff, dismissing defendant's suit.

Upon the original hearing on appeal by only one of the judges of this court, the judgment appealed from was reversed and plaintiff was awarded the amount prayed for. Defendant has now been granted a re-hearing and the matter has been re-argued and submitted to this court sitting en banc.

It is contended by counsel for defendant that plaintiff's petition does not support a cause of action in that the petition recites that a period of nine months intervened between the date of the accident and the resultant disability and that, consequently, plaintiff was not disabled--"from the date of the accident--" a fact necessary to recovery under the terms of the policy. The clause of the policy upon which this action for monthly indemnity for total loss of time is predicated reads as follows:

```
"TOTAL LOSS : (b) At the rate of FORTY Dollars : MONTHLY IN-
 OF TIME : per month, for the period during which : DEMNITY
 : such injury alone shall, from date of : $40.00
 : the accident, wholly and continuously :
 * * * * : disable and prevent the Insured from : * * * * *
 : performing any and every duty pertain- :
 : ing to any business or occupation." :
```

There is no ambiguity whatever in the language of the above-quoted provisions of the policy. The words therein contained need no judicial construction to plainly indicate the clear intention of both parties to the contract, that such indemnity should be due the insured when such injury alone shall have wholly and continuously disabled him, etc., "from the date of the accident," and from no other time. Surely it cannot be said under such a clause in the policy, considered with plaintiff's own admissions and averments in the petition, that he has set up by the pleadings any cause of action under which he may hope to recover. This court in the case of Heymann v. Continental Casualty Company, (No. 7806 Orleans Appeal) was affirmed by the Supreme Court of Louisiana (147 La., 1077) in our refusal to follow the judgment of the district court, which extended or amplified the plain provisions of a health insurance rider attached to a life and accident policy. The same principle therein recognized was again approved by the Supreme Court in the case of Feitel v. Fidelity & Casualty Company, 147 La., 52, where the court ruled, though the interval between the accident and the resultant disability was but thirteen days, as follows:

> "It will be noted that by the express terms of this policy the *** disability insured against must be 'immediate' after the accident.
> "An exception of no cause of action was filed, based on the ground that the petition does not allege that the disability followed the accident immediately ***.

> "This exception was overruled.

> "It should have been sustained."

In the case of Robinson v. Masonic Protective Assn., 87 Vt. 138, 88 Atl. 531, 47 L.R.A. (N.S.) 924, the Supreme Court of Vermont has construed and given what might be considered as the only reasonable construction to a clause identical with that now under consideration. It was there said:

"We think the words 'date of the accident,' as used in that clause, were intended to mean total disability from the day of the accident, reckoned from the time of the accident, that is, within 24 hours thereafter."

We have carefully examined the authorities of Meyer v. Insurance Co., 41 Ann., 1007, and also Planters Lumber Co. v. Frankfort Ins. Co., cited by counsel for appellant, but cannot find that the facts in either of these cases or the principles of law therein announced are in any manner applicable to the instant case. After the re-hearing of this case by the whole court, we are of the opinion that the exception of no cause of action herein filed is well pleaded and should be maintained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the former judgment of this court be recalled and set aside, and that the judgment appealed from be and the same hereby is affirmed at plaintiff's costs in both courts.

JUDGMENT AFFIRMED. MAY 14, 1923.

*I respectfully dissent.*