No. 33,678

Jake Earl Romesburg, *Appellee,* v. The Federal Life Insurance Company, *Appellant.*

(76 P. 2d 829)

Opinion filed March 5, 1938.

*Benjamin F. Hegler, A. V. Roberts, Roger P. Almond,* all of Wichita, *R. C. Woodward* and *H. P. Woodward,* both of El Dorado, for the appellant.

*E. W. Grant,* of El Dorado, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover benefits claimed to be due under a policy of health insurance, and from a judgment for plaintiff the defendant appeals.

For convenience we shall refer to the appellant as the company, and to the appellee as the insured. In December, 1921, the company issued to the insured what was called a special commercial disability policy, provisions of which are quoted below. In September, 1922, the insured suffered an illness, and upon presentation of his claim the company commenced to pay him weekly payments of fifteen dollars, and continued to do so until May, 1936, when it ceased, claiming it was no longer liable under the policy. There is no dispute that insured has been and is suffering from diabetes in some form. One of his medical witnesses testified that diabetes is not now curable; that insured could not perform any acts of his business as an oil-well caser; that he takes large doses of insulin three or four times a day, and that his condition will continue for the rest of his life. Other witnesses testified concerning his ability to work, and that his condition varied—he would become somewhat worse, and then make some improvement. The company's medical witnesses also testified at length about insured's condition, and that he had diabetes. Without stating definitely what was meant by the word "convalescent," all the doctors agreed that insured was not convalescent, for he was not making recovery.

So far as we need now notice, the company defended on the ground that the insured was not convalescent within the meaning of paragraph (i) of the policy. A clear understanding of that paragraph is more easily arrived at by considering it in connection with paragraph (h). The two read:

"SCHEDULE OF ILLNESS INDEMNITIES

"(h) In the event that the insured shall suffer from, and continuously and necessarily be confined within the house by any bodily illness, not hereinafter excepted, which begins not less than fifteen days from the date of this policy, and while it is in force, the company will pay, for one day or more during the first week, after the first visit of a legally qualified physician or surgeon other

than the insured, at the rate of fifteen dollars per week, and at the rate of fifteen dollars per week thereafter as long as the insured lives and is by reason of such illness continuously and necessarily confined within the house and therein be regularly visited by a legally qualified physician or surgeon other than the insured."

### "WHILE CONVALESCENT

"(i) While convalescent, and if following a confining period of total disability, and confinement within the house, as specified in paragraph (h) he shall be continuously wholly disabled and prevented from performing any act pertaining to his occupation and continues under the care of a legally qualified physician or surgeon, other than the insured, but shall not be necessarily confined within the house, the company will pay weekly indemnity of fifteen dollars so long as the insured lives and said nonconfining illness and total disability continues."

The company directs our attention to various definitions of the word "convalescent" and argues therefrom that insured, being no longer convalescent, is not entitled to recover further under the policy.

Reference to Webster's International Dictionary, second edition, shows the following definitions:

"Convalesce, v, to gather strength; to recover health and strength, esp. gradually after sickness or weakness; to get better."

"Convalescent, adj., recovering from sickness or debility; partially restored to health or strength."

Other dictionaries give similar definitions. The company also directs our attention to *Heymann v. Continental Casualty Co.*, 147 La. 1078, 86 So. 550, where it was held that

"Convalescence . . . is the gradual recovery of health or physical strength after illness." (p. 1079.)

Acceptance of the definition, however, does not determine the force and effect to be given paragraph (i) quoted above.

The paragraph and all its parts must be read together. In *Sheets v. Life Insurance Co.*, 116 Kan. 356, 225 Pac. 929, where there was dispute as to which of two clauses of a health insurance policy was applicable, it was said:

"It was competent for the parties to stipulate that insurance should be paid according to the degrees of sickness which incapacitated the insured for work or business. They agreed that it should be measured by confinement to the house, and the court is not warranted in ignoring or eliminating an unambiguous provision included by the parties in their contract. The entire contract should be considered together and effect given to every part of it, and the clause relating to nonconfining sickness can no more be ignored than those limiting the time for which insurance shall be paid. To do so would

be to make a different contract than the parties had made for themselves." (p. 358.) ·

And see, also, *Richardson v. Interstate Business Men's Accident Ass'n,* 124 Kan. 685, 261 Pac. 565, where a similar contention was decided.

A somewhat analogous situation to that in the case at bar is disclosed in *Wenstrom v. Aetna L. Ins. Co.,* 55 N. D. 647, 215 N. W. 93, 55 A. L. R. 289, wherein it was contended the insured was not entitled to benefits under a clause in the policy reciting:

"'And if such disability was sustained before the insured attained the age of sixty years, the company will pay to the life beneficiary the sum of ten dollars for each thousand of the sum insured and will pay the same sum on the same day of every month thereafter during the lifetime and during such disability of the insured.'" (p. 652.)

In discussing the meaning of the last phrase of the above clause it was said:

"What is the meaning of this phrase, 'during the lifetime, and during such disability of the insured'? If the disability must be incurable and continue during the life of the insured, it would be sufficient to say that the same sum would be paid on the same day of every month during the lifetime of the insured. Is not this provision in the policy the same as if the contract said, will pay the same sum on the same day of every month during the lifetime of the insured, and as long as he is disabled? We must assume that the phrase 'or during such disability of insured,' means something, and if it means anything it means that the amount will be paid during such disability, whether it be for life, for years, or for months, and it would seem that it is placed there to cut off the indemnity in case the insured recovers. It is settled law that, in construing insurance policies, the language of the entire policy must be considered, and when capable of two constructions the most favorable to the insured must be given. Under this rule we are of the opinion that the words, 'and during such disability of the insured,' qualifies the preceding language in that paragraph so as to permit a recovery when the disability is curable, but the indemnity ceases if the insured recovers. From this construction it follows that the insured is entitled to the indemnity during the entire period of his disability." (p. 652.)

It is true the first words used are "while convalescent," but the obligation is not so limited; it does not say merely the company will pay weekly indemnity so long as the insured is convalescent and his nonconfining illness and total disability continues. It does say unmistakably that it will pay weekly indemnity *"so long as the insured lives* and said nonconfining illness and total disability continues." (Italics ours.) If the company's contention is to be sustained, the words "insured lives and" must be expunged and treated

as not appearing in the paragraph. We are not at liberty to so treat the matter.

It is apparent that the definition of "convalescent," as above noted, must be reconciled with the clause "so long as the insured lives and said nonconfining illness and total disability continues," if that be possible, or if they cannot be reconciled, then the whole paragraph may be said to be ambiguous. If the latter be true, then the paragraph should be construed against the appellant and favorably to the appellee. (See *Smith v. Missouri State Life Ins. Co.,* 134 Kan. 426, 429, 7 P. 2d 65, and cases cited.) We are of the opinion, however, that as used in the paragraph it was not intended to limit the word "convalescent" to its strict meaning of recovery of health in its fullest sense. As used, it meant that period of time between the confining period of total disability, as defined in paragraph (h), and the time the insured either died or so far recovered from his nonconfining illness that he was no longer totally disabled. To hold otherwise is to ignore entirely that part of the contract whereby, other conditions assumed, the company agrees to pay insured so long as he lives.

The various specifications of error all grow out of the above question and need not be separately mentioned. None of them can be sustained.

The judgment of the trial court is affirmed.