## No. 13,725.

### REED *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

(57 P. [2d] 697)

Decided February 24, 1936.   Rehearing denied March 16, 1936.

Mr. FREDERICK P. CRANSTON, for plaintiff in error.

Mr. ARCHIBALD A. LEE, Mr. BENJAMIN GRIFFITH, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, herein referred to as the insured, brought this action against defendant in error, designated as the company or insurer, to recover on an accident insurance policy issued to him. The case was tried before a jury, and upon the conclusion of the evidence, on motion of the insurance company, a verdict was directed in its favor by the trial court. The insured assigns error.

The complaint, as amended, alleged the issuance of the policy on July 1, 1931, and that while it was in full force and effect, and on August 3, 1933, the insured sustained an injury which directly and independently of all other causes, through accidental means, immediately, continuously and wholly disabled and prevented him from performing any and every kind of duty pertaining to his occupation; that the disability began November 22, 1933, and was total to the date of the commencement of this action; that the full effects of the injury were not apparent to the insured at the date of its occurrence nor until November 22, following; that insured complied with all conditions and requirements of the policy.

So far as is material to the present inquiry, the pertinent parts of the policy, admitted to have been in full force, are as follows: "If 'such injury' shall immediately, continuously and wholly disable and prevent the Insured from performing any and every kind of duty pertaining to his occupation * * *. Pyogenic infection not caused simultaneously with or through an accidental cut

or wound, excepted." "Written notice of injury on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury."

The company set up the following defenses: (1) Disability was not caused directly and independently of all other causes by accidental means; (2) was not due to an infection occurring simultaneously with or through an accidental cut or wound; (3) the injury did not immediately and continuously disable plaintiff; (4) notice was not filed within the time limited; (5) inaccurate answers in insured's application for the policy, rendered the policy void.

The facts, briefly stated are, that the insured was struck on the left hip by an automobile August 3, 1933. This hip had given him some trouble years before and an operation had shortened the leg causing a slight limp. At the time of the accident insured did not consider the injury serious, and except for two or three days immediately following, he attended to his business until November 22, when he noticed pus coming from his leg; whereupon he went to bed and remained there until after the commencement of this suit, performing no duties connected with his occupation. He gave no notice of the injury to the insurer, claiming that he could not conscientiously make a claim until disability resulted, at which time he did notify the company. The disability for which he claims, was total and continuous from November to the following April, when this suit was instituted. The only medical testimony was that of Dr. Enos, who, appearing for insured, stated that he examined Reed November 23rd; that in his opinion the latter's disability was the result of a pyogenic infection occurring simultaneously with and through an accidental wound.

The company, in its motion for directed verdict, and now, seems to rely chiefly on the one issue finally presented, "Did the injuries sustained by the insured

immediately and continuously disable him from performing all duties pertaining to his occupation?" More narrowly confined, the issue as argued, is: Was the disability "immediate"? The company, in support of its contention that the disability here claimed was not "immediate and continuous," cites authorities from other states—which seem to be in the majority—to the general effect that under circumstances similar to those in this case, the rule established is, that the disability was not "immediate and continuous" as such terms are judicially defined in those cases. The insured, however, contends that a different rule has been announced in Colorado, in *Central Surety & Ins. Corp. v. Industrial Commission*, 84 Colo. 481, 271 Pac. 617, wherein this court announced that a reasonable and liberal construction should be given to the words when employed in connection with indemnity claims, and it adopted and approved the ruling in the case of *Order of United Commercial Travelers v. Barnes*, 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, using the following language: "It was held that the word 'immediately' is not synonymous with 'instantly' and 'without delay'; that a disability is immediate when it follows directly from an accidental hurt within such time as the processes of nature consume in bringing the person affected to a state of total incapacity to prosecute every kind of business pertaining to his occupation."

In the Kansas case above cited, the time intervening between the injury and the disability was of brief duration, as is the fact in nearly all of the cases cited by both the insured and the company. In the rule announced by this court, the only limitation of time seems to be such as the processes of nature require. This of course would vary according to the attending circumstances and conditions. The medical testimony herein is to the effect that the alleged injury caused the bone to die, which in turn produced pus that worked itself out to the surface. This process was not completed for a period of approximately one hundred days and the fact of its active pres-

ence was unknown to insured. That the injury was the proximate cause of setting this process into operation, is not contradicted in the evidence. The insured had a conscientious reason for not notifying the company of a claim for disability until one existed. If there was any question as to whether the disability was or was not the result of the injury sustained directly and independently of all other causes, that was for the jury to determine, as well as all other phases of the case, upon the evidence submitted under the issues. In the circumstances here presented, the word "immediately" must be construed in its relation to other words and terms of the policy, and it here applies to causation, not to time. To hold that the intervening time, while the processes of nature were developing, broke the continuity of the results of the accident would be equivalent to saying that no time may be allowed for the development of a disability directly traceable to an accident. If nature set up its processes instantly after the accident, as apparently it did in this case, then the disability was the immediate and continuous result of the injury.

The company contends that the use of these words in the policy was to prevent an uncertainty as to the cause of disability, which might occur unless some limit of time was fixed; that other ailments or causes could intervene, producing results which might be attributed to the accident, and that the question of proximate cause might become involved by delay. Conditions, such as are disclosed in this case, if not frequent, do occur, and the company being cognizant of such as natural, normal happenings, could provide for its protection by appropriate words and increased premiums.

The trial court by directing a verdict for the insurance company, apparently was of the opinion that the injury did not "immediately and continuously" disable the insured. Thereby it erroneously invaded the province of the jury.

Judgment reversed and the cause remanded.

Mr. Justice Butler, Mr. Justice Burke and Mr. Justice Bouck dissent.

Mr. Justice Butler, dissenting.

The judgment, it seems to me, should be affirmed instead of reversed. According to the rule adopted by the overwhelming weight of authority, the disability was not "immediate." The majority opinion assumes that in *Central Surety & Ins. Corp. v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617, this court adopted a contrary rule and held that "immediately" relates, not to time, but to causation. That is a mistake. That case arose under the Workmen's Compensation Act, which is highly remedial, beneficent in purpose, and should be given a liberal construction, so as to accomplish the evident intent and purpose of the act. *Karoly v. Industrial Commission,* 65 Colo. 239, 243, 176 Pac. 284. In the opinion in *Central Surety & Ins. Co. v. Industrial Commission, supra,* we said: "Did the legislature intend to require the strain to precede the hernia instantaneously? Did it not rather intend that there may intervene between the cause and the effect an interval of time, short indeed, but still sufficient for the effect to follow the cause in the usual course of nature?" We gave a liberal, reasonable construction to the statute by holding that "immediately" did not mean instantaneously. We recognized the fact that for the effect to follow the cause time was required, but held that the time allowed must be, not of indefinite duration, but short, and that in that case the time between the strain and the resulting hernia—only a few days—was short and therefore met the requirement of the statute. We gave illustrations of the various meanings given by the courts to the word "immediately," and among the cases mentioned was *Order of United Commercial Travelers v. Barnes,* 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099. The language used by that court and quoted in our opinion in *Central Surety & Ins.*

*Corp. v. Industrial Commission, supra,* must be understood in the light of the facts before the court. There the time intervening between the accident and the disability was only a few days. The court recognized the fact that "immediately" is an adverb of time, not of causation. And see the recent case of *Thomas v. Mutual Benefit, H. & A. Ass'n,* 136 Kan. 802, 18 P. (2d) 151, where the time intervening between the accident and the disability was six days.

In the present case about three months intervened between the accident and the disability, and that, in my opinion, was entirely too long to justify a holding that the injury immediately disabled the insured.

I respectfully dissent.

MR. JUSTICE BURKE and MR. JUSTICE BOUCK concur in this opinion.