No. 14,106.

CONTINENTAL CASUALTY COMPANY v. YOUNGBLOOD.
(66 P. [2d] 1276)

Decided March 29, 1937. Rehearing denied April 19, 1937.

Messrs. Bartels, Blood & Bancroft, Mr. Paul P. Eagleton, for plaintiff in error.

Mr. James R. Hoffman, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in error, an insurance company, was defendant below, and defendant in error, the insured, was plaintiff below. They will be spoken of herein as the insurance company and the insured. The insured originally brought this action in a justice court for $300, basing his claim on loss of time from his work while he was in the hospital for an operation for hernia and a period of convalescence thereafter. He had judgment in the sum of three hundred dollars in the justice court and the case was subsequently tried de novo in the county court without a jury and without written pleadings and he obtained the same judgment as in the justice court. The case is here on review based on four assignments of error, only one of which it is necessary for us to consider; namely, that the judgment was unsupported by the evidence. Both parties agree that the case may be decided upon an application for supersedeas.

The pertinent portions of the contract of insurance upon which recovery was allowed are as follows:

1. "The insurance given by this policy is against loss of life, limb, limbs, sight or *time* resulting from personal bodily injury (suicide or self-destruction while either sane or insane not included) which is effected solely and independently of all other causes by the happening of a purely accidental event, all in the manner and to the extent hereinafter provided."

"A. Total Disability. If injury such as before described shall at once and continuously after the occurrence of the accidental event wholly disable the Insured from performing each and every duty pertaining to his occupation the Company will pay said Weekly Indemnity for such period as the Insured shall be so disabled."

"B. Intermediate Disability. Or if injury such as before described shall from the date of the accident or immediately following total disability continuously disable and prevent the insured from performing a major portion of the daily duties pertaining to his occupation, the Company will pay three-fourths said Weekly Indemnity for the continuous period of such disability not exceeding fifty-two weeks."

"C. Partial Disability. Or if injury such as before described shall not at once wholly and continuously disable the Insured but shall thereafter within one hundred days wholly disable him, or shall from the date of the accident or immediately following a period of total or intermediate disability continuously disable and prevent the Insured from performing work substantially essential to his duty or duties, the Company will pay one-half said Weekly Indemnity for the period of such disability not exceeding two hundred weeks."

"*Part VIII. Hospital Indemnity and Nurses Fees.*

"(A) If the insured by reason of injury for which Weekly Indemnity is payable under the terms of this policy shall be under treatment and also be resident in a licensed hospital, the Weekly Indemnity otherwise payable for the loss of time during the period of such residence, not exceeding twelve consecutive weeks, shall be increased one hundred per cent."

It appears that the insured, a linotype operator, sustained an accidental injury on June 13, 1935, while helping to lift approximately two hundred and fifty pounds of linotype metal. The nature of the injury was not disclosed until July, 1935, when it was diagnosed by the insured's physician as hernia. The injury did not prevent

the insured from performing most of his duties as a lino-type operator, but after the injury he could not do any lifting. He was not operated on for his hernia until about nine months after its discovery, or until March 12, 1936. He remained in the hospital from March 11 until the 28th of March and stayed at home until the 27th of April, 1936, at which time he resumed work. He was partially disabled from the latter date until the 25th of June, 1936, at which time he resumed all of the duties of his occupation.

The insurance company's contention is that there is no liability on the contract because the lost time for which compensation was sought is not within the restrictive provisions of paragraphs A, B, and C recited above, and that the insured can not recover for loss of time in the hospital and the period of convalescence because not within the one hundred day time limit found in paragraph C above. The insurance company contends further that no claim should have been allowed for loss of time on account of hospitalization and period of convalescence because it was not urged specifically in the lower court.

Counsel for the insured relies with strong urge upon the case of *Reed v. Massachusetts Bonding & Insurance Co.*, 98 Colo. 257, 57 P. (2d) 697, where the court had under consideration a somewhat similar situation, which, however, we do not feel is controlling in the instant case, because that case was not determined on the basis of loss of time for hospitalization and convalescence.

The important point in the instant case is that the provision for hospital indemnity found in "Part VIII" quoted above contains no restrictions as to time and the trial court apparently found that the nine months intervening between the time of the injury and the hospitalization and convalescence was not unreasonable.

There being no written pleadings, the insured's case was sufficiently covered by the opening statement of his counsel and the court had the contract before it.

The lower court based its judgment on paragraph VIII,

supra, allowing recovery for loss of time in the hospital and period of convalescence and there was ample evidence to support that conclusion.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.