Merrimack, }
  Dec., 1900. }

### SCALES *v.* MASONIC PROTECTIVE ASSOCIATION.

Where a benefit certificate stipulates for payment of indemnity in the event of and during total disability which requires absolute, necessary, and continuous confinement to the house, the necessity for confinement is merely an evidentiary fact in the determination of the existence of disability; and the insured is entitled to recover the benefit while totally incapacitated for labor by illness, although he was out of doors during a portion of the time.

ASSUMPSIT, for an indemnity under a benefit certificate. Facts agreed. The certificate contains the following provisions: "A disability to constitute a claim for sickness . . . shall require absolute, necessary, continuous confinement to the house for not less than fourteen days. . . . And no disability . . . shall constitute a claim for a longer period than the insured shall be totally disabled and absolutely, necessarily, continuously confined to his house."

The plaintiff was seriously sick and totally incapacitated for labor during a period of sixty-seven days. He remained in the house the first five days, and after that, being advised by his physician to keep in the open air all he could and stir around as much as his strength would allow, he was in his dooryard a portion of the time, sitting in a chair or lying in a hammock. The physician was of opinion that this course would facilitate recovery. If the plaintiff's disability was within the provisions of the certificate, he is to have judgment.

*George W. Stone,* for the plaintiff.

*Eastman & Hollis,* for the defendants.

CHASE, J. The disability for which the defendants promised to indemnify the plaintiff was disability to labor or attend to business on account of sickness. It was to be such as to require "absolute, necessary, continuous confinement to the house for not less than fourteen days"; and the indemnity was not to continue for a longer period than the plaintiff should be "totally disabled and absolutely, necessarily, continuously confined to the house." The defendants' liability depends upon the total disability of the insured to labor because of sickness, and not upon his confinement to the house. Necessity for such confinement is made a material fact in determining whether disability to the required extent exists. It is an evidentiary fact rather than a substantive fact in the nature of a condition precedent.

The object of the contract was insurance against loss occasioned by disability arising from sickness. It is unreasonable to suppose that the defendants understood and intended that if the insured, although totally disabled from labor by sickness, should go from his house to an outbuilding for a necessary purpose, or should by the advice of his physician and for the purpose of recovery sit in a chair or lie in a hammock on the piazza of his house or in his dooryard, this departure from the strictly literal meaning of the words used to describe the evidentiary fact above spoken of (if it be a departure) should defeat the object of the contract. Such supposition cannot be entertained without an accompanying inference that the defendants intended to deceive the insured. This tends strongly to show that the supposition is unfounded in fact. It cannot be presumed that an association of the character of the defendant association would be capable of such intent.

It would be generally understood that a sick person was confined " to " the house, although he went into the dooryard to take sun baths or get fresh air. To the strict constructionist, the phrase " to the house " does not mean the same as " in the house." " To " signifies direction, connection with, appurtenant; while " in " signifies the quality of being interior. Strictly speaking, confinement to a house differs from confinement in a house. According to the strictly literal meaning of the words, the plaintiff was " absolutely, necessarily, continuously confined to his house," notwithstanding he spent a portion of the time in his dooryard as stated in the case. His disability was within the provisions of the contract; and according to the terms of the case, there must be

*Judgment for the plaintiff.*

All concurred.