### Metropolitan Plate Glass & Casualty Insurance Company v. Hawes' Extx.

(Decided October 17, 1912.)

#### Appeal from Daviess Circuit Court.

Insurance, Health—Action Upon Policy—Construction of Policy—Evidence.—In an action upon a policy of insurance providing for weekly payments in case of sickness, the question is as to the construction of clause one of the policy. Held, That the purpose of the clause was to allow the weekly indemnity of $10.00 whenever the insured became so sick as to be continuously and wholly unable to perform any duty pertaining to his occupation, and the

evidence showing that such was his condition, he was entitled to the weekly indemnity.

E. B. ANDERSON for appellant.

C. M. FINN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee's intestate held an insurance policy in appellant company, which provided for weekly payments in the event of sickness. He became sick, gave the required notice and made application for $10 a week for twenty weeks. The company refused to pay; and this action was instituted. Appellee's intestate's deposition was the only evidence introduced on the trial and the court found in appellee's favor, the sum of $200.

There is only one question raised on this appeal, and that is, what meaning should be given to clause one of the policy? It is as follows:

"If the insured shall, during the term of this insurance, suffer from any bodily disease or sickness not hereinafter excepted, and such disease or sickness shall continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation, the company will pay the insured, for the period of such disablement during which he shall be continuously and necessarily confined to the house, and during which he shall be continuously under the care of and regularly treated by a legally authorized and licensed physician, but for no period of less than seven days nor more than fifty-two consecutive weeks, the following sum per week, to-wit: Ten and no-100 Dollars."

The testimony shows that appellee's intestate was sick for more than twenty weeks and was wholly unable to perform any labor; that he was confined at his home and under regular treatment of a physician. His sickness consisted of malaria and bronchial troubles.

Upon cross-examination he testified as follows:

"Q. Mr. Hawes, I see in your petition you state that you were not continuously and necessarily confined to the house at all times during this twenty weeks that you claim sick benefits for, but that under the advice of your physician, you sat out doors rather than to be confined to the house. Is that correct?

"A. Yes, sir, that is correct. My instructions were to take exercise when I had no temperature, and to sit out on the veranda, but when I had temperature, to keep perfectly quiet, and in bed when my temperature was high. All of which I did."

It is upon this question and answer that appellant bases its claim of reversal. Its contention is that as his sickness did not render it necessary for him to be continuously confined in the house for twenty weeks he has no right to recover. Appellant cites, as sustaining its construction of the clause, the cases of Dunning v. Massachusetts Insurance Association, 59 Atlantic, 535; Bishop v. U. S. Casualty Co., 91 N. Y. Supp., 176; Gainor v. St. Lawrence Life Association, 46 N. Y., 965, and Liston v. New York Casualty Co., 58 N. Y., 1090. While some of the language used in these opinions appears to support appellant's construction of the clause copied, the provisions of the policies under consideration in those cases and the facts thereof, differ to some extent from the provision of the clause in the case at bar and from the facts of this case. On the other hand appellee cites the following cases to sustain his construction of the clause and that adopted by the lower court, to-wit: Hoffman v. Michigan Home Hospital Association, 54 L. R. A., 746; Turner v. F. & C. Co., 38 L. R. A., 529; Hon v. Interstate Casualty Co., 115 Mich., 79, and several other cases from other States. The provisions of the policies upon which these opinions were based were not in the exact language as the one at bar, nor were the facts of those cases exactly the same as those in this case, but they tend to support appellee's position. We find no Kentucky case where a clause like the one in the policy under consideration, was considered, for guidance.

It is a familiar rule in construing contracts like this, that that construction, if at all allowable, should be given to it which is most favorable to the insured rather than that which is favorable to the insurer. This is true because the insurer selects its own language and prepares its own contracts. In our opinion, the purpose of the clause copied above was to allow a weekly indemnity to the assured of $10 whenever he became so sick as to be continuously and wholly unable to perform any and every kind of duty pertaining to his occupation. Evidently, this was the intention of the parties to the

contract, and if he was actually and continuously so sick that he was not able to perform any kind of labor for a period of twenty weeks, he is entitled to the weekly indemnity. The other parts of the clause which says that he must be confined to the house and regularly treated by a licensed physician was intended only to give the company evidence of his sickness and inability to labor so that it would not be compelled to pay claims of mere malingerers, which was a reasonable requirement. Appellant makes no claim that appellee was not treated by a physician as required in the policy, but claims that he was not actually confined in the house all the time as it claims the policy required. Appellee's deceased was affected with tuberculosis and it is of common knowledge that a person in that condition requires fresh air and as much as possible, and he testified that while he was actually sick and would have felt much better in the house and in bed, his physician ordered him to get out into the open as much as possible and he did so. He sat on the porch at times as the weather was warm. In addition to this, the policy does not, in terms, require the assured to be necessarily and continuously confined *in* the house. It says "to the house" and we are of the opinion that the confinement of the insured in this case, as described in the evidence, was a full compliance with the terms of the contract. It would be unreasonable to hold that the language of the policy required him to be necessarily and continuously confined in the house at all times, when the testimony shows conclusively that he was actually sick as provided in the contract and the taking of fresh air was directed by his physician for his benefit and when his staying out of doors would have a tendency to shorten the duration of his sickness and thus lessen the amount of appellant's liability.

For these reasons, the judgment is affirmed.