No. 30,878.

MARY B. THOMAS, *Appellee*, v. THE MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, *Appellant*.

(18 P. 2d 151.)

Opinion filed January 28, 1933.

*Edwin S. McAnany, Maurice L. Alden* and *Thomas M. Van Cleave,* all of Kansas City, for the appellant.

*George H. West, P. W. Croker,* both of Kansas City, and *Arthur F. Schmahlfeldt,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Mary B. Thomas sued the Mutual Benefit Health and Accident Association to recover $1,000 under a policy insuring her son, John H. Thomas, Jr., against loss of life through accidental means, or injury through accident which immediately, continuously and wholly disabled him. Plaintiff was named as his beneficiary. He suffered a bodily injury which resulted in blood poison and subsequently in his death. The plaintiff recovered $1,-139.68 of the insurance, and defendant appeals.

The case was tried by the court without a jury on a stipulation of

facts, and the question for decision was, Did the facts agreed upon bring the case within the following provision of the policy?

"If the insured shall through accidental means sustain bodily injuries as described in the insuring clause which shall independently and exclusively of disease and all other causes immediately, continuously and wholly disable the insured from the date of the accident and result in any of the following specific losses within thirteen weeks, the association will pay: For loss of life, $1,000; and in addition $40 a month for the period between the date of accident and the date of death."

The material facts agreed upon recited, first, the making of the contract and issuance of the policy in which Mary B. Thomas was made beneficiary, and that the policy was in full force on April 18, 1930, premiums having been fully paid thereon. The parties stipulated that on April 3, 1930, the accident occurred in a planing mill, by John H. Thomas, Jr., running a sliver of a piece of wood into the ring finger of the left hand, and otherwise injuring it. That the insured worked from April 3 to and including April 9, 1930, at his usual occupation in the usual way, and that on April 10 he became and thereafter was continuously and wholly disabled on account of the injury; that on April 10 he was treated by a certain doctor, and on the next day was taken to a hospital, at the direction of his physician, suffering from blood poisoning. That he remained in the hospital from that time until April 18, and on that day died of blood poison caused by the sliver of wood entering his finger.

In the oral announcement of its decision the trial court said:

"This is a case where I believe the young man got a sliver in his hand, blood poisoning developed in a few days, and the question is whether this health policy applied to that case under the peculiar wording of the contract, which provided there would be liability, or the contract would apply and the insurance would be paid if the disability resulted, I believe, immediately after the accident.

"Well, it didn't happen, of course, for several days, but I believe, under the construction that has been fixed on the word 'immediately' in this state, and under the general rule or construction of that sort of a contract which is now prevalent, and accepted, this plaintiff is entitled to recover. If that were not true, this man, in my judgment, had nothing for his money. It was just a joke. I cannot conceive of anything of less value to a man, from a health insurance standpoint, than a policy that would require a man to absolutely fall over and drop out and become absolutely disabled, as you might say, instantly after the accident occurred. This happened soon enough. It was only a few days until he was down and out, and I believe the policy covered that case."

Defendant contends that the injury to plaintiff and the disability

and death which followed the injury do not bring the case within the conditions of the policy. That contention is based on the fact that the accidental injury did not immediately, continuously and wholly disable the insured from the time of the accident. The facts agreed upon by the parties free the case from questions arising in many of the cases cited by counsel for defendant. There is no question but that the accident occurred on April 3, 1930; that the premiums had been fully paid and the policy was in full force; that the accident was the running of a wood sliver into his finger; that plaintiff continued to work as usual up to April 9, when he was treated by a doctor; that on April 11 he was removed to a hospital suffering from blood poisoning; that on April 18 he died, and it is stipulated that the blood poisoning of which he died was caused by the sliver of wood which entered his finger on April 3.

The causation of death is conceded to have been the accidental injury to the finger and the claim is that the disablement and death were not immediate and continuous from the time of the accident. The effect of the injury was effective at once, and it progressed from the time of the injury to the resulting death, a period of about two weeks. There was no link missing in the chain of progress of the blood poisoning extending from the injury to the death. The terms "immediate," and "date of the accident," used in the policy relate to time rather than causation. As to the effect of the accidental injury, must it occur instantly and without delay to be regarded as within the meaning of the policy? This question was before the court in *Commercial Travelers v. Barnes,* 72 Kan. 293, 80 Pac. 1020, where the insured had accidentally swallowed a metal pin and became disabled about twelve days afterwards. The provision in the policy was:

"If said member shall sustain bodily injury by means aforesaid, which shall, independently of all other causes, immediately, wholly and continuously disable and prevent him from the prosecution of any and every kind of business pertaining to his occupation, . . . He shall be indemnified." (p. 294.)

In the opinion holding the insurer liable it was said:

"In none of the cases referred to by counsel has the word 'immediately' been held to be synonymous with 'instantly' or 'without delay.' Such a definition would deprive a beneficiary of all rights under an indemnity contract like the present, unless the hurt or prime cause of the injury were followed by instantaneous disablement. In the case of an accidental taking of poison into the stomach time must be allowed for the deadly substance to affect the human system, and such interim as the processes of nature consume in bring-

ing the person poisoned to a state of disability must be excluded in determining the meaning of the word 'immediately.' Two persons might receive similar cuts from a knife. One of them might not suffer an injury sufficiently serious to interfere in any degree with his usual business or professional pursuits. The other, while not affected at first, might by reason of an enfeebled physical condition be attacked within a week by blood poisoning which would wholly prevent him from transacting any kind of business. The court is not prepared to say that in the latter case no recovery of indemnity could be had under a policy like that held by Mr. Barnes.

"While the word 'immediately,' in the connection used, is an adverb of time, yet the period within which nature acts to work a total disability from an injury must vary in different persons. In the supposed case of blood poisoning, if counsel for plaintiff in error is right, no recovery could be had under the accident policy in question because nature was too slow in her operations—because the consequence did not follow the known cause with sufficient celerity. To follow literally the words of the contract, if there was any interim between the hurt and the total disability, be it ten minutes, half an hour, or two hours, there could be no recovery of indemnity. . . . Of course, the disability must not flow from any other cause than the original injury. If it does, there is no liability. If the conditions of the contract can be extended so that the word 'immediately' does not mean 'instantaneously,' 'at once,' and 'without delay' (as all courts agree), then a greater stretch of the conditions cannot be said to be unreasonable in allowing for the period that nature halts before inflicting penalties for her violated laws. In such cases the disability is immediate, within the meaning of the policy." (pp. 304, 305.)

The decision of the court was that:

"The word 'immediately,' as applied to the language of the indemnity contract stated in the first paragraph of this syllabus, is not synonymous with 'instantly,' 'at once,' and 'without delay.' A disability is immediate, within the meaning of such contracts, when it follows directly from an accidental hurt, within such time as the processes of nature consume in bringing the person affected to a state of total incapacity to prosecute every kind of business pertaining to his occupation." (Syl. ¶ 3.)

The same question was brought up for decision in *Erickson v. Commercial Travelers*, 103 Kan. 831, 176 Pac. 989, where the injury did not promptly develop into total disability, but the testimony showed that the disability was reached within the time nature takes to effect such a development, and that the term "immediate" used in the contract did not mean instantly, but that the disability is immediate if it follows directly from the accidental injury and within such time as the processes of nature take in bringing total disability. The doctrine of the Barnes case was approved and applied. In *Rabin v. Business Men's Association*, 116 Kan. 280, 226 Pac. 764, where the insured injured his toe in going to a

telephone in the night by striking it against furniture with such force as to drive the nail back into the flesh and from which infection resulted, it was contended that he was not continuously disabled the first ten days after the injury, but the rule of the Barnes case was applied holding that the fact it took ten days for the infection to develop did not prevent the injury from being immediate and continuous. See, also, *Casualty Co. v. Colvin,* 77 Kan. 561, 95 Pac. 565, where the injury resulted in death, but at first was not thought to be serious and the insured kept at work for a short time but subsequently became very ill, and it was found that the injury he had received from a fall against the edge of timbers had caused a large accumulation of pus in the chest cavity and while this pus was drawn away by physicians his death followed. It was ruled that the insurer was liable notwithstanding the provision in the policy that the injury should at once cause total and continuous inability to engage in any labor from the date of the accident, and it was remarked: "In the case of death caused solely by the injury, it is immaterial whether total disability occurred at once after the injury or not." (p. 567.)

We think the doctrine of these cases fairly applies and is controlling in the case under consideration. See, also, *Rorick v. Railway Officials' & Employees' Acc. Ass'n,* 119 Fed. 63; *Williams v. Accident Association,* 91 Ga. 698; *Rorabaugh v. Great Eastern Gas Co.,* 117 Wash. 7; *Carmichael v. Benefit Ass'n,* 153 Wash. 542.

There is some conflict in the authorities on the question, depending to an extent on the terms of the policy. Some do not recognize the so-called "processes of nature doctrine," but most of the courts hold that the term "immediate" as used in such contracts does not mean instantaneously, but that a disability is immediate where it results within the time required by the process of nature for the injury to produce the effect. In speaking of immediate disability it has been said:

"In a majority of the cases the courts on a consideration of the context have found that the word 'immediately' in the connection mentioned is used as an adverb of time, although in some cases it has been interpreted as signifying causation and not time. The principal difficulty, however, in these cases has not been to ascertain whether the word 'immediately' signifies proximity of time, since that signification is generally indicated with sufficient clearness by the context, but rather to determine how soon after the infliction of the injury the disability must result in order to come within the designation. It is generally agreed that 'immediately' as so used does not mean instantaneously

or without any interval of time; and is not, on the other hand, equivalent to the phrase 'within a reasonable time,' but requires that the disability shall result presently and without any substantial interval. It has also been said that, in view of the purpose of the limitation which is to guard against the difficulty of determining whether or not the disability in any case was the result of the accident or of some intervening cause, a disability is immediate when it results within the time required by the laws of nature for the cause to produce the effect." (1 C. J. 468.)

Defendant calls attention to the two appeals in *Penquite v. Gen. Accident, etc., Corp.,* 121 Kan. 174, 246 Pac. 498, 126 Kan. 511, 268 Pac. 851, as authorities against the recovery of indemnity where the policy contained a like provision as to wholly and continuously disabling the insured, and it was held that he was not entitled to indemnity. There the insured made a claim that he was injured by a fall which resulted in a hernia. The fall occurred on December 21, 1921, but he continued at work and did not find out that he had a hernia until May 4, 1922, and then he continued to work until July 14, 1922. After this long interval he presented a claim that the injury received in December of the previous year was the cause of the hernia. Although working continuously he did not even ascertain the cause of the hernia for about five months after the fall, and did not find it necessary to cease work until about seven months after the injury. It was held under the facts of the case that he was not entitled to insurance. The circumstances of the injury and claimed disability did not bring the case within the rule of the earlier cases, nor did it overthrow the doctrine on which these cases were determined.

Our conclusion is that the judgment in favor of the plaintiff herein must be affirmed. It is so ordered.

THIELE, J., not participating.