JAMES E. ATKINSON v. PILOT LIFE INSURANCE COMPANY.

(Filed 16 October 1963.)

**Insurance § 36—**

> Where, as a result of an injury, plaintiff is continuously confined in a hospital for eleven days, and some four months after his discharge from

that hospital he enters another hospital for the same injury, the second confinement is a new and not a continuous one, and does not come within the purview of a hospital rider providing benefits for each day insured is continuously confined in a hospital as the result of injury.

APPEAL by defendant from *Morris, J.,* May Session 1963 of WAYNE.

Plaintiff instituted this action before a justice of the peace and obtained judgment. Upon defendant's appeal, the cause was heard *de novo* in superior court upon the following stipulated facts:

"1. The defendant, Pilot Life Insurance Company, on or about July 29, 1957, issued its policy of insurance No. 3047763 to James E. Atkinson, Goldsboro, North Carolina; that this policy provided for protection against death or injury through accidental means and by a special rider provided hospital and medical benefits upon the terms and conditions set forth in this policy; that said policy was in full force and effect in accordance with its terms on December 29, 1961, and said policy is hereby incorporated in and made a part of this statement of facts.

"2. James E. Atkinson was employed by the City of Goldsboro and on December 29, 1961, injured his hip and back while at work.

"3. As a result of this injury, Atkinson entered Wayne Memorial Hospital, Goldsboro, North Carolina, on January 1, 1962, and remained confined there until January 12, 1962; that after his discharge, the defendant paid One Hundred Sixty and No/100 ($160.00) Dollars to the plaintiff as benefits due him under the terms of the policy in issue. This sum represented Fifty and No/100 ($50.00) Dollars physician's fee which is the maximum for any one injury and One Hundred Ten and No/100 Dollars hospitalization covering the eleven (11) days' confinement in Wayne Memorial Hospital from January 1 to January 12, 1962.

"4. That in May, 1962, the plaintiff, James E. Atkinson, was still suffering from the injuries received in his December 29, 1961, accident; that because of these injuries he entered Duke Hospital on May 6, 1962, and was confined there until discharged on May 25, 1962.

"5. That the plaintiff in this action is attempting to collect One Hundred Ninety and No/100 ($190.00) Dollars, the indemnity of Ten and No/100 ($10.00) Dollars for each day of hospital confinement for the nineteen (19) days he remained in Duke Hospital in May, 1962.

"6. The applicable provision of the insurance policy in question is Part B—HOSPITAL INDEMNITY—'If, as a result of such injuries and commencing within thirty days following the date of the accident causing such injuries, the insured shall be continuously confined in a

hospital providing twenty-four hours' nursing service and facilities for diagnosis and major surgery, and if such injuries do not result in any of the losses provided for in the policy to which this rider is attached, the company shall pay an indemnity of Ten Dollars ($10.00) for each full day of such confinement but not more than Three Hundred ($300.00) Dollars for all such confinement due to injuries sustained in any one accident. Indemnity under this Part B shall be payable in addition to any indemnity to which the insured may be entitled either (1) for dislocation or fracture under Part A or (2) for physician's or surgeon's fees under Part C hereof.'

"7. That this stipulation, together with the policy of insurance hereinbefore referred to, constitutes all of the facts necessary for the determination of this case. . . ."

Upon these stipulated facts, the court entered judgment that plaintiff have and recover of defendant the sum of $190.00 plus interest and costs. Defendant excepted and appealed.

*Sasser & Duke for plaintiff appellee.*
*Taylor, Allen & Warren and J. H. Kerr, III, for defendant appellant.*

PER CURIAM. The clear meaning of the unambiguous terms of the pertinent provisions of the policy purchased by plaintiff may be stated as follows: If insured is injured by accident and, on account of such injury and within thirty days from the date thereof, enters "a hospital providing twenty-four hours' nursing service and facilities for diagnosis and major surgery," defendant is obligated to pay ten dollers per day for each day insured is *continuously confined* in such hospital. See *Parker v. Insuance Co.*, 259 N.C. 115, 130 S.E. 2d 36.

Plaintiff was injured by accident on December 29, 1961. Beginning January 1, 1962, he was *continuously confined* in Wayne Memorial Hospital for eleven days and was paid $110.00 on account thereof. On May 6, 1962, nearly four months after his discharge on January 12, 1962, from Wayne Memorial Hospital, plaintiff entered Duke Hospital. Plaintiff's confinement in Duke Hospital was a new, separate and distinct period of hospital confinement for which no coverage is provided by plaintiff's policy.

Reversed.