No. 43,502

RICHARD E. LAVIN, by and Through His Next Friend and Natural Guardian, JOHN R. LAVIN, *Appellant* v. THE STATE FARM MUTUAL AUTOMOBILE COMPANY, Bloomington, Illinois, *Appellee.*

(391 P. 2d 992)

Opinion filed May 9, 1964.

*Robert L. Boyce, Jr.,* of Kansas City, argued the cause, and *Howard Washburn* and *John C. Eisele,* both of Kansas City, were with him on the briefs for the appellant.

*Gerald L. Rushfelt,* of Kansas City, argued the cause, and *J. Milton Sullivant, Lewis C. Smith, Clifford T. Mueller, Richmond M. Enochs,* and *Ralph D. Lamar,* all of Kansas City were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from certain orders of the trial court sustaining demurrers to counts I and II of plaintiff's amended petition and entering judgment for defendant thereon, overruling plaintiff's objection to the submission of defendant's motion to make definite and certain, and the sustaining of defendant's motion to make definite and certain.

The specifications of error follow the statements in the notice of appeal.

Count I of plaintiff's amended petition alleged that John R. Lavin owned three motor vehicles insured by defendant in three separate and distinct insurance policies each of which contained a provision for payment of medical expenses in the amount of $500. Richard Lavin, son of John, who resided in his father's household, was injured on June 10, 1961, while occupying a 1955 Chevrolet convertible, one of Lavin's three insured vehicles, when it was struck by an automobile operated by Richard Greenlee

at Forty-second and Gibbs Road in Wyandotte county. Richard Lavin's resulting medical and hospital expenses totaled in excess of $1500. The other two insured vehicles owned by John Lavin were a 1954 Chevrolet half ton truck and a 1961 Ford sedan.

All requirements devolving upon plaintiff in furnishing proof of claim under the conditions of the policy were complied with including payment to defendant of all premiums due. Defendant paid plaintiff the sum of $500 under the medical payment coverage on the 1955 Chevrolet convertible but was indebted to plaintiff on its policy issued on September 23, 1960, covering the 1954 Chevrolet truck. It denied plaintiff's claim and failed and refused to pay the $500 under the policy covering such truck.

Count II showed that on June 2, 1961, defendant had issued a policy covering the 1961 Ford sedan delivered to John Lavin about June 1, 1961. Other allegations were identical with those set forth in count I except that count II in addition relied on the clause of the policy under "Definitions" headed "Newly Acquired Automobile," reading ". . . *or the company insures all automobiles owned by the named insured on the date of its delivery* . . .," and giving the named insured thirty days following such delivery date in which to notify the company, on the basis that the 1961 Ford was alleged to be a "newly acquired automobile." On this count plaintiff also sought recovery of $500 under the medical payment coverage aggregating the sum of $1,000 on both counts, plus the costs of the action, including $1,000 attorney fees divided into $500 on each count.

Plaintiff had filed his original petition on March 7, 1962, and that petition was attacked by a motion to strike the words, ". . . and in all things repudiated the same, stalling and postponing and advancing no valid excuse for not paying plaintiff the benefits provided under said policy," which motion was sustained. On May 24, 1962, defendant moved to make the petition definite and certain by attaching copies of the insurance policies and setting out facts making the 1961 Ford a newly acquired automobile. At the hearing on the motion to make definite and certain on June 1, 1962, plaintiff objected thereto on the ground that all objections to the form of a pleading should be taken up at one time, but the trial court overruled such objection and then sustained both parts of defendant's motion to make definite and cer-

tain, which ruling is, therefore, one of the issues here for appellate review.

On August 2, 1962, defendant attacked the amended petition by a demurrer to each count (1) for its failure to allege facts sufficient to constitute a cause of action (2) plaintiff had no legal capacity to sue and (3) the action was not prosecuted by the real party in interest.

The trial court's journal entry of judgment filed on January 9, 1963, was in conformity with its earlier letter to the parties dated November 7, 1962, which reads:

"November 7, 1962

"Re: Lavin v. State Farm, No. 10411-B

"Gentlemen:

"In analyzing this case, which was argued to the Court on September 19, 1962, and taken under advisement pending submission and study of briefs, I start with the proposition that if an insurer undertakes to restrict coverage by excluding certain eventualities, it must clearly and definitely be so stated in the policy, and that otherwise, the policy will be deemed to cover the risk. This proposition is supported by Rock Island v. Aetna, 180 Kansas 730. I am not persuaded, in line with the argument of defendant's counsel, that a different rule of law should prevail here because of the fact that the defendant is a mutual company.

"As plaintiff's counsel points out in his answering brief, under Insuring Agreement, Coverage C, the defendant agrees to pay reasonable medical expenses to or for the named insured or a relative who sustains bodily injury, caused by accident.

"(1) while occuping the owned auto, or

"(2) through being struck by the owned auto, or

"(3) while occupying any other land motor vehicle, or

"(4) through being struck by any other land motor vehicle.

"Under the Insuring Agreement, the Court is of the opinion plaintiff is covered here. He clearly falls within the fourth category.

"So, we must look to the exclusions.

"Defendant's counsel relies on Exclusion (i) (2) which provides that this insurance does not apply under coverage C to bodily injury to any person while occupying . . . any automobile . . . if such vehicle is owned by the named insured or a relative and is not included in the definition of 'owned automobile.'

"I think it is conceded that the 1955 Chevy convertible in which plaintiff was riding at the time he was injured is not an 'owned automobile' insofar as either of the policies of insurance involved in the instant case is concerned.

"So, if we have nothing more than the insuring agreement, and this one exclusionary clause (i) (2), plaintiff clearly has no cause of action here. He falls squarely within that particular exclusionary clause.

"At the time of the oral arguments, plaintiff's counsel argued the Exclusion (i) (3) cancelled Exclusion (i) (2)—that the defendant first gave coverage

(in the insuring agreement), then took it away (in Exclusion (i) (2)), then gave it back (in Exclusion (i) (3)). The Court was somewhat impressed with this argument.

"However, the Reply Brief of defendant's counsel convinces the Court that this is not so—that an exclusionary clause cannot be transformed into an insuring clause—that each of the exclusionary clauses refers back to the insuring clause and takes something away thereform or limits its applicability.

"Plaintiff's counsel also argued that Conditions—Insuring Agreements 14 takes care of plaintiff, but the Court does not read this as being in any way in conflict with Exclusion (i) (2). This particular provision of the policy simply governs cases falling within the insuring agreement, and not excepted by an exclusionary clause.

"To this point I have no trouble in my own thinking. However, another question then arises:

"Exclusion (i) (2) clearly excludes plaintiff from coverage here. Exclusion (i) (3) not only does not exclude plaintiff here, but seems to reaffirm coverage to plaintiff as granted in the insuring agreement. I have spent some time checking law as to whether (1) Is a person who is excluded by any of the exclusionary provisions of a policy unable to recover, or (2) If one exclusionary clause cuts out a plaintiff but another exclusionary clause points in the other direction, is there, then, ambiguity so that the doctrine of construction most favorable to the insured comes into play?

"I have resolved this question in favor of the first of the two alternatives mentioned in the preceding paragraph, which decision is supported by the ruling of the court in the Mallinger case, 111 N. W. 2d 647, at page 651.

"I am persuaded, then, that the decision of this court must be the same as that of the court in the Mallinger case cited by defendant's counsel—that an insurance company has the right to make a contract and to have it enforced as written, providing that it is clear and unambiguous—that this policy is not ambiguous—that plaintiff falls within Exclusion (i) (2) and is not entitled to recover here. I will so hold. The demurrers will be sustained."

On page 2 of the policy (exhibit "A") we find insuring agreement I, in pertinent part, reads as follows:

"COVERAGE C—*Medical Payments.* To pay reasonable expenses incurred within one year from the date of accident for necessary medical . . . services. . . .

"Division 1. To or for the named insured and each relative who sustains bodily injury, caused by accident, while occupying or through being struck by the owned automobile, or any other land motor vehicle. . . ."

On page 4 of the policy under "Exclusions—Insuring Agreements I and II" is to be found the following:

"(i) coverages C . . . to bodily injury to any person:

. . . . . . . . . . . . .

"(2) while occuping or through being struck by any automobile, land motor vehicle . . . if such vehicle is owned by the named insured or a relative and is not included in the definition of 'owned automobile';

"(3) other than the named insured and a relative while occupying any vehicle not insured under Insuring Agreements I or II. . . ."

Medical payment provisions in automobile insurance policies are relatively new as was stated in *Severson v. Milwaukee Automobile Ins. Co.*, 42 A. L. R. 2d 976, 979, and our attention is not directed to nor has our research produced any case directly in point. However, the Severson case (1953) quoted from 8 Appleman, Insurance Law and Practice, § 4896, p. 312, where it was stated that under the so-called medical endorsement any passenger or occupant of the insured's car who is injured in an accident may recover medical expenses up to a stipulated amount, usually $500 per person. Such recovery is completely independent of liability on the part of the insured. Insurance under the medical endorsement clause is closely akin to a personal accident policy.

Many authorities from other jurisdictions have been cited by the parties which are persuasive but are so distinguishable they cannot be decisive of our particular problem. Defendant, as well as the trial court, relies on *Mallinger v. State Farm Mut. Auto. Ins. Co.*, 253 Iowa 222, 111 N. W. 2d 647, which involved a farm tractor being operated upon a public highway at the time of the accident. The trial court allowed recovery but it was reversed by the Supreme Court of Iowa with directions that plaintiff's petition be dismissed. One Justice dissented, and a specially concurring opinion written by another Justice, joined in by two other Justices, reads:

"I concur in the result and agree that the interpretation of the policy by the majority is technically correct. When there is as much trouble interpreting an insurance policy as we have here, it is difficult to say that it is free from ambiguity. Policies written and sold to the public should not require the services of an expert in semantics to determine coverage." (p. 234.)

The reported facts in the majority opinion of the Iowa court in the Mallinger case do not contain the question raised in this appeal.

Defendant cites other cases from foreign jurisdictions but they, too, are distinguishable when carefully studied. In truth and in fact we think that exclusion clauses (i) (2) and (i) (3) as shown in the trial court's letter memorandum create an ambiguity when considered together. The most persuasive case to come to our attention is that of *Southwestern Fire and Casualty Company v. Atkins*, 346 S. W. 892 (rehearing denied June 8, 1961), wherein there was one insurance policy which covered two automobiles with a $500 limit on medical payment to each person injured. The

premium for coverage on car No. 1 was $8.00 and the additional premium for coverage on car No. 2 was $7.00. The Texas Court of Civil Appeals there stated:

"Appellee [insured] contends that the situation here is no different than it would be if appellant [insurer] had issued two separate policies of insurance, one providing medical payments for Car I and the other covering Car 2. He relies upon the provision in the policy under the title 'Conditions' as follows:

" '4. Two or more automobiles: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. . . .'

"This provision is made applicable to all parts of the policy and in effect provides that the policy of insurance shall apply separately to each car. If it does apply separately to each car, then it would seem that the policy is in effect two policies of insurance in one. This view is supported by the fact that separate premiums are charged for each car; the medical payment premium being $8 on Car 1 and $7 on Car 2. There could be no question that if separate policies had been written by appellant the insured could recover $500 medical payments on each car since the total medical expenses exceed $1,000. If one of the policies had been written in one company and the other policy in another company, the same thing would be true. We think it is equally clear that if the insured had taken out medical payments on only one car, he could recover the sum of $500, being the amount paid him by appellant. In other words, if he can collect only $500, he is no better off for having taken out medical payments on both cars than on one car, since he could recover the same amount had he taken out medical payments on only the one car. Hence, there is no consideration for the payment of the premium on the second car, if we accept appellant's construction of the contract.

"The rules of construction to be observed in construing an insurance policy are well stated in [citations] as follows:

" 'An insurance policy will be construed strictly against the insurer; (2) when the terms of an insurance contract are capable of two or more constructions and under one a recovery is allowable and under the other it is denied, the construction which permits recovery will be given the policy; (3) forfeitures of insurance coverage is not favored; and (4) if a fair and reasonable construction of an insurance contract will permit, a meaning will be given to its language that effectuates a contract of insurance rather than defeats it.' " (pp. 894-895.)

The above Court then further stated:

"In the instant case we do not have a claim based on the liability feature of the policy which would constitute a tort claim, but a claim based on medical payments sounding in contract on two separate cars for which separate premiums were paid, and under a policy expressly providing that the terms of the policy shall apply separately to each of the automobiles insured. The provision in the policy relied upon by appellant, to the effect that the limit of liability for medical payments stated in the declarations as applicable to each

person is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident, is a provision commonly placed in such policies where there is only one car insured. In the present case we think such provision applies to each car separately and independently as provided in the policy, and means that for each car the limit is $500, or a total of $1,000 for the two cars. If the insurance company intended to limit the medical payments to the amount of $500 which a policy on only one car would provide, it should have so stipulated in no uncertain language, and it should not have charged a premium on each car separately. The policy has to be construed as a whole. In construing such provision together with the other provisions hereinabove referred to, we are of the opinion that appellee is entitled to recover the $500 additional medical payments for which he sues." (p. 895.)

The general rules of construction set out in the above opinion by the Texas court are the same as rules that have been adopted in our jurisdiction. (6 West's Kansas Digest, Insurance, § 146, p. 163, et seq., Pocket Part, Insurance, § 146.5 (3), p. 48; 3 Hatcher's Kansas Digest, rev. ed., Insurance, §§ 40, 42, and Cum. Supp., Insurance, §§ 40, 42, p. 55.)

See, also, *National Surety Corp. v. Western Fire & Indemnity Co.,* 318 F. 2d 379, 386, where the above Southwestern Fire and Casualty Company case was cited on the general rule that ambiguous provisions in insurance contracts are construed strictly against the insurer and liberally in favor of the insured.

We are convinced the three separate and district policies issued herein and the premiums paid thereon create a situation where two constructions may be placed on the exclusion clauses in regard to insuring agreements I and II, coverage C where the insurance does not apply under (i) (2) and where (i) (3) creates confusion and ambiguity so as to require application of general rules of construction and the policies must be construed according to those general rules. It follows we must hold the trial court committed reversible error in its orders sustaining defendant's demurrers to both counts of plaintiff's amended petition and in entering judgment thereon for defendant.

The other contention raised in the appeal regarding a procedural matter need not be reviewed.

Judgment reversed with directions to the trial court to overrule the demurrers and to proceed with the trial.

FONTRON, J., not participating.

PARKER, C. J., and PRICE, J., dissent.