No. 44,962

RALPH E. FOWLER, *Appellee,* v. UNITED EQUITABLE INSURANCE
COMPANY, *Appellant.*

(438 P. 2d 46)

Opinion filed March 9, 1968.

*V. E. Danner* and *John V. O'Donnell,* of Ellsworth, were on the brief for
the appellant.

*George D. Miner* and *Paul L. Aylward,* of Ellsworth, were on the brief for
the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an action by Ralph E. Fowler against the
United Equitable Insurance Company to recover on a policy pro-
viding indemnity benefits for hospitalization resulting from acci-
dental bodily injury. The lower court held that plaintiff was en-
titled to recover, and the defendant insurance company appeals.

The sole question concerns the construction of the following clause in the insurance contract:

"HOSPITAL CONFINEMENT BENEFIT FOR LIFE—$1,000 PER MONTH

"The Company will pay at the rate of $1,000 per month for one day to a lifetime beginning with the first day when such injury shall *continually confine the insured to a hospital.* . . ." (Emphasis added.)

The facts were stipulated. Plaintiff sustained an accidental injury on November 14, 1965, and by reason thereof was confined to a Larned, Kansas, hospital from November 14 to December 6 (twenty-two days). He returned home until January 2, 1966, when, because of the same injury, he was confined to a Lyons, Kansas, hospital until February 6 (thirty-five days). Plaintiff sought recovery for both periods of hospitalization, or a total of fifty-seven days. Defendant admitted it was liable for the first period of hospitalization but denied liability for the second period because the two periods of confinement were not "continual," as required by the terms of the policy.

The district court found there was an "element of conflict" between the bold print "HOSPITAL CONFINEMENT BENEFIT FOR LIFE— $1,000 PER MONTH" and the words contained in the clause quoted above, "continually confine the insured to a hospital." Applying the rule of liberal construction in favor of the insured, the court concluded the policy covered both periods of hospitalization, and rendered judgment accordingly.

Counsel candidly admit they have found no cases construing an identical clause, and our research reveals none. Our attention, however, is directed to *Atkinson v. Insurance Co.,* 260 N. C. 348, 132 S. E. 2d 681, where a policy provided hospital expense benefits when the insured was "continuously confined in a hospital," and also to cases involving "house-confinement" clauses found in many accident and/or health insurance policies, and by analogy the parties urge their respective positions.

Before examining the arguments, we are mindful of certain general rules already prescribed by this court regarding the construction to be given to insurance contracts. The language of a policy of insurance, like any other contract, must, if possible, be construed in such manner as to give effect to the intention of the parties. The test to be applied in determining this intention is not what the insurer intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean. When

the contract is clear and unambiguous, the words are to be taken and understood in their plain, ordinary, and popular sense, and there is no need for judicial interpretation of the application of rules of liberal construction; the court's function is to enforce the contract according to its terms. Since an insurer prepares its own contracts, it has a duty to make the meaning clear, and if it fails to do so, the insurer, and not the insured, must suffer. Thus, if the terms of a policy are ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail. For cases in which these rules have been applied, see, *Leiker v. State Farm Mutual Automobile Ins. Co.,* 193 Kan. 630, 396 P. 2d 264; *Lavin v. State Farm Mutual Automobile Ins. Co.,* 193 Kan. 22, 391 P. 2d 992; *Kendall Plumbing, Inc. v. St. Paul Mercury Ins. Co.,* 189 Kan. 528, 370 P. 2d 396; *Ferguson v. Phoenix Assurance Co.,* 189 Kan. 459, 370 P. 2d 379, 99 A. L. R. 2d 118; *Jameson v. Farmers Mutual Automobile Ins. Co.,* 181 Kan. 120, 309 P. 2d 394; cases cited in 3 Hatcher's Kansas Digest, Insurance §§ 40, 42; and 6 West's Kansas Digest, Insurance § 146, *et seq.*

The defendant contends the clause in question is clear and unambiguous, and the policy should be literally enforced according to its terms, citing *Atkinson v. Insurance Co.,* supra, and *Sheets v. Life Insurance Co.,* 116 Kan. 356, 225 Pac. 929, both of which will be discussed later. Plaintiff's position, on the other hand, is that the clause is ambiguous, and given a liberal construction, the policy provided indemnity benefits for both periods of hospitalization resulting from his injury.

In *Atkinson,* a hospital expense policy provided that if an insured was injured by accident and entered a hospital on account of such injury, the insurer was obligated to pay $10 per day for each day the insured was "continuously confined" in such hospital. The insured was accidentally injured and continuously confined in a hospital for eleven days, for which he was paid benefits under the policy. Nearly four months later he was again confined in another hospital for nineteen days because of the same injury. In denying benefits for the second period of hospitalization, the court in a *per curiam* opinion, held the terms of the policy were unambiguous and the insured's confinement was a separate and distinct period for which no coverage was provided under the policy.

We think the case is not in point because of the fine line of distinction between the terms "continually confined" and "continu-

ously confined." As defined in Webster's Third New International Dictionary, Unabridged (1967), "continual" means "proceeding without stopping, interruption, or intermission : recurring in steady and rapid succession : repeated at intervals with brief perhaps regular intermissions in time." "Continually" is defined as not only "unceasingly : continuously in time : without intermission" but means "in regular or repeated succession : very often." On the other hand, the word "continuous" is defined as "characterized by uninterrupted extension in time or sequence : continuing without intermission or recurring regularly after minute interruptions." "Continual" implies "a close prolonged succession or recurrence," whereas "continuous" implies "an uninterrupted flow or spatial extension." (Webster's Seventh New Collegiate Dictionary [1963].) It would appear from these definitions that the term "continually confined" is somewhat more flexible in its meaning and application that "continuously confined," and is not necessarily restricted to confinement that is unceasing and uninterrupted.

Turning to the "house-confinement" cases, we find that in *Sheets v. Life Insurance Co.*, supra, a health insurance policy provided full indemnity for a disabling sickness during a period in which the insured was "necessarily and continuously confined within the house," and a lower indemnity rate when not confined within the house. Plaintiff there had suffered an attack of appendicitis. After hospitalization he returned to his home for a short time, during which period he left his house on five occasions to see his physician. In denying plaintiff recovery of full indemnity for the entire period, the court said:

". . . It was competent for the parties to stipulate that insurance should be paid according to the degrees of sickness which incapacitated the insured for work or business. They agreed that it should be measured by confinement to the house, and the court is not warranted in ignoring or eliminating an unambiguous provision included by the parties in their contract. The entire contract should be considered together and effect given to every part of it, and the clause relating to nonconfining sickness can no more be ignored than those limiting the time for which insurance shall be paid. To do so would be to make a different contract than the parties had made for themselves. . . ." (p. 358.)

The above decision was followed in *Richardson v. Interstate Business Men's Accident Ass'n.*, 124 Kan. 685, 261 Pac. 565, where a health insurance policy contained provisions for different indemnities for "house-confinement" illness and "non-house-confinment"

illness. There the court held that the plain, ordinary, usual and unmistakable meaning of the language in the contract should control, and liberal construction was not warranted, since there was no ambiguity in the meaning of the words used. The holding is succinctly stated as follows:

"Where one of the paragraphs in a health insurance policy provides an indemnity for the insured while he 'shall be continuously confined within the house' and another paragraph while he 'shall not be confined to the house but shall be compelled to refrain from performing every act of business,' the indemnity of the insured should be under that provision to which the facts most nearly apply.

"Where the insured under a health insurance policy went or was taken a distance of a half mile or more to visit his physician almost daily, he is not entitled to recover under the house-confinement clause when he has the protection in the same policy of a non-house-confinement provision which more nearly fits the facts in the case." (Syl. ¶¶ 2, 3.)

These decisions are not controlling, in our opinion, because they adhere to the view expressed in many cases that "house-confinement" clauses must be literally or narrowly construed when the policy also contains a "non-house-confinement" clause. Since the requirement of confinement is the only difference between the two clauses, a liberal construction of the "house-confinement" clause would render the other clause meaningless. (Anno. 29 A. L. R. 2d 1408 §§ 3, 6; 1A Appleman, Insurance Law and Practice § 652; 15 Couch on Insurance 2d § 53:144.) Here, as distinguished from those cases, there is no clause providing for reduced benefits for "non-hospital confinement." We are concerned only with the one clause standing alone.

As a preamble to the clause under consideration, the policy states that the company

"DOES HEREBY INSURE and agrees to pay the person named . . . in the event of hospital residence occurring solely as the consequence of direct bodily injury resulting from any accident and independently of all other causes while this policy is in force . . . subject to the provisions of this policy."

By the above language the stated object and purpose of the policy is to provide indemnity benefits for hospitalization resulting from an accidental injury. The purpose is further expressed in bold print "HOSPITAL CONFINEMENT BENEFIT FOR LIFE—$1,000 PER MONTH." Not until we come to the language, "The Company will pay at the rate of $1,000 per month for one day to a lifetime be-

ginning with the first day when such injury shall *continually confine the insured to a hospital*" do we find words of limitation or restriction. This language, on its face, is ambiguous and susceptible of different meanings in regard to the coverage provided by the policy. If the words "continually confine" are given a broad, liberal interpretation, the policy may be construed to provide lifetime hospital coverage beginning with the first day of confinement, irrespective of the number of successive periods of confinement for a particular accidental injury. On the other hand, the policy may be narrowly construed to provide coverage for only one unceasing, uninterrupted period of hospital confinement ( one day to a lifetime ) resulting from a particular accidental injury. Somewhere between these extremes the policy may also be construed to provide coverage for a period of hospitalization though interrupted by occasional, brief absences for therapeutic reasons upon advice of a physician.

Even in the "house-confinement" policies, which usually provide coverage where the insured is "necessarily and continuously confined within [or to] the house," the majority of the courts have adopted a liberal construction to the extent that "continuous" confinement within the four walls is not necessary, some saying that substantial confinement, or confinement in a substantial sense, is all that is required to come within the policy, and others saying that such clauses are intended to describe the required extent of the insured's disability rather than to prescribe a strict limitation on his conduct. A great number of the courts have held that as long as the insured is unable to work, or is disabled from pursuing his own occupation (depending on the wording of the policy), occasional absences from the house, upon the advice of a physician, in an attempt to improve one's physical or mental condition, or visits to a physician's office or to a hospital for examination and treatment, do not preclude the insured from recovering benefits under a clause requiring "continuous" house confinement. Cases supporting the foregoing discussion may be found in 29A Am. Jur., Insurance § 1530; 45 C. J. S., Insurance § 893; Anno. 29 A. L. R. 2d 1408, 1420; 1A Appleman, Insurance Law and Practice §§ 652, 653; 15 Couch on Insurance 2d § 53:142; 9 Words and Phrases, p. 347 *et seq.*

We also note several cases have emphasized the difference in a provision requiring an insured be confined "to the house" from

one requiring confinement "in" or "within a house," saying that "to the house" is less rigid and restrictive language than "in a house" (*e. g. Metropolitan P. G. & C. I. Co. v. Hawes' Extx.*, 150 Ky. 52, 149 S. W. 1110; *Scales v. Association*, 70 N. H. 490, 48 Atl. 1084; *Rocci v. Massachusetts Accident Co.*, 222 Mass. 336, 110 N. E. 972, later app. 226 Mass. 545, 116 N. E. 477).

The liberality which has been attached to the use of the word "continuously"—that it does not necessarily mean constantly, nor does it denote ceaseless and absolute continuity—is also demonstrated in cases involving accident insurance policies which undertake to insure only for loss resulting from bodily injuries that totally and "continuously" disable the insured. In *Berry v. United States*, 312 U. S. 450, 85 L. Ed. 945, 61 S. Ct. 637, which was cited with approval in *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 366 P. 2d 219, the court approved the trial court's instruction wherein it was stated:

" '. . . The word "total" as applied to "disability" does not necessarily mean incapacitated to do any work at all. *The word "continuously" means with reasonable regularity.* It does not preclude periods of disability which are ordinarily incident to activities of persons in generally sound health, for nearly all persons are at times temporarily incapacitated by injuries, or poor health, from carrying on their occupations. If Berry was able to follow a gainful occupation only spasmodically, with frequent interruptions, due to his injuries, and his shock, he was totally disabled. A disability is permanent when it is of such a nature that it is reasonably certain it will continue throughout a person's lifetime.' " (Emphasis added.) (p. 455, footnote 7.)

In *Rabin v. Business Men's Association*, 116 Kan. 280, 226 Pac. 764, 38 A. L. R. 26, a policy insured against loss from bodily injuries that "wholly and continuously disable the insured" from performing any kind of duty pertaining to his occupation. There the insured injured his great toe, requiring the removal of the nail. After a ten-day period he returned to work. Approximately ten days thereafter a pyogenic infection developed, requiring the insured to go to the hospital, where he remained for some time. In rejecting the contention that the insured was not continuously disabled longer than the first ten days, the court stated:

"An injury develops at once and is continuous within the meaning of an accident insurance policy when it follows directly from the accidental hurt within such time as the processes of nature consume in bringing the person affected to a state of incapacity to prosecute his occupation." (Syl. ¶ 3.)

A similar result was reached under analogous facts in *Thomas v. Mutual Benefit Health & Acc. Ass'n.*, 136 Kan. 802, 18 P. 2d 151.

It is well established that if an insurer intends to restrict or limit the coverage provided in its policy, it should use clear and unambiguous language in doing so (*Conn v. Walling*, 186 Kan. 242, 349 P. 2d 925; *Chicago, R. I. & Pac. Rld. Co. v. Aetna Ins. Co.*, 180 Kan. 730, 308 P. 2d 119); otherwise, the policy will be liberally construed in favor of the insured in order that the purpose for which the policy was issued will not be defeated.

The purpose of the policy here was to provide indemnity benefits for hospitalization resulting from an accidental injury. Applying the rule of liberal construction and the rationale of the foregoing authorities, we are of the opinion the policy does not restrict the insured to benefits only where his hospital confinement is for a ceaseless, uninterrupted period; rather, it extends benefits for successive periods of confinement resulting from a particular accidental injury.

The judgment of the lower court is affirmed.

O'CONNOR, J., dissenting: I must dissent from the majority opinion which fell to my lot to author. In the first place, the clause in question is clear and unambiguous, and, therefore, does not require judicial interpretation or the application of rules of liberal construction. (*Esfeld Trucking, Inc. v. Metropolitan Insurance Co.*, 193 Kan. 7, 392 P. 2d 107.) The words of the contract are to be taken and understood in their plain, ordinary, and popular sense, and all that remains for the court is to enforce the contract according to its terms so as to give effect to the intention of the parties. By the language of the clause the insurer has effectively limited coverage to one period of hospital confinement (one day to a lifetime) resulting from a particular accidental injury. The court is not warranted in ignoring or eliminating the unambiguous clause included by the parties in their contract. The distinction drawn by the majority between the terms "continually confined" and "continuously confined" is tenuous and unrealistic, and the holding of *Atkinson v. Insurance Co.*, 260 N. C. 348, 132 S. E. 2d 681, furnishes sound authority for proper disposition of this case.

Although I subscribe to a broad definition of the phrase "continually confine the insured to a hospital," just as the majority of

the courts have done with the wording "continuously confined within or to the house" so that occasional absences for therapeutic reasons under the advice of a physician will not preclude recovery, no assumption can be drawn from the record before us that the insured's absence from a hospital for twenty-six days was for such reasons. Nor is this a case where a patient was given periodic passes for therapeutic purposes but at all times reserved his bed in the hospital (*Texas Reserve L. Ins. Co. v. Texas Rehabilitation Ctr.* [Tex. Civ. App.], 332 S. W. 2d 403).

Secondly, assuming *arguendo* the clause is uncertain and ambiguous and, therefore, must be construed liberally in favor of the insured, I am of the opinion that under the guise of liberal construction the court has remade the insurance contract into one that was never contemplated by either party. As I interpret the majority opinion, an insured under this policy can recover benefits for every period of hospitalization resulting from a particular accidental injury, notwithstanding the interval between periods may be twenty-six years instead of only twenty-six days. Arguably, the word "continually" may be less restrictive than "continuously," and the restrictive nature of the coverage could have been manifested more clearly. Even so, the language in the light most favorable to the insured cannot be stretched to provide gratuitous benefits that not even a reasonable person in the insured's position would have dreamed. My research on this case has revealed no decision where any other court has gone to such lengths to construe a policy in favor of the insured.

I would reverse that part of the trial court's judgment allowing recovery for the second period of hospitalization.

FONTRON, J., concurs in the foregoing dissenting opinion.